**GOVERNOR A.P. LUTALI, on Behalf of**
**DEVELOPMENT BANK OF AMERICAN SAMOA,**
**Plaintiff**

**v.**

**MABEL FOSTER and**
**AMERICAN SAMOA DEVELOPMENT CORP.,**
**Jointly and Severally, Defendants**

High Court of American Samoa
Trial Division

CA No. 37-93

June 30, 1993

Before KRUSE, Chief Justice.

Counsel: For Plaintiff, Malaetasi M. Togafau, Attorney General, and Jennifer L. Joneson, Assistant Attorney General
For Defendants, Asaua Fuimaono

On Motion to Stay:

Defendants seek a stay, pending appeal, of the court's final order entered herein enjoining the defendant Mabel Foster, Secretary of the American Samoa Development Corporation (ASDC), from failing to call certain shareholders' meetings as demanded by plaintiff, the majority shareholder of ASDC. In these matters, where the order sought to be stayed is an injunction, "the decision to grant or deny a stay pending appeal is similar to that on a preliminary injunction, depending partly on the 'balance of equities' and partly on the likelihood that the appeal will be successful." *Asifoa v. Lualemana*, 17 A.S.R.2d 10, 13 (App. Div. 1990). At the same time,

> [a] court should not grant a stay of judgment pending appeal automatically or casually. To do so would encourage losing litigants to file appeals in which they had no serious hope of prevailing, simply in order to postpone the effective date of judgment. The court's discretion to grant a stay should therefore be exercised only "for cause shown."

*Id.* at 12 (citing A.S.C.A. § 43.0803; T.C.R.C.P. 62(a), (c); A.C.R. 8).

On the first consideration, balancing equities between the parties, the defense claims that their appeal will become moot if the injunction is not stayed. In this regard, counsel at the hearing explained irreparable injury to his clients in terms of economic loss to the current

directors[1] if in fact they are voted out of office before the time the appeal can be heard.

The immediately glaring problem with this ground is that the directors are not parties in these proceedings, and hence are without standing, nor are their individual economic interests coincidental with or necessarily those of ASDC. In any event, a prospective monetary loss as a result of an injunction is insufficient ground to suspend the injunction. *Stop H-3 Association v. Volpe*, 353 F. Supp. 14 (D.C. Haw. 1972).

As to likelihood of prevailing on appeal, the defendants here simply submit, without further evidence, that they will prevail on appeal. They essentially premise this submission upon the "conviction" that the appellate court will opt for their legal position (or construction argument) over that of the trial court. Indeed, at the hearing on the motion, counsel's submission was simply that the appellate court "might" see things otherwise.

As alluded to above, the burden in these matters is on the movant to show "cause" as to why the court's injunctive order should be stayed. A.S.C.A. § 43.0803. Part and parcel of that burden requires some sort of showing that movant is likely to prevail on the merits of the appeal. *Asifoa v. Lualemana, supra*; T.C.R.C.P. Rule 62(c). Defendants' subjective and self-serving declaration, upon mere "conviction," hardly meets this aspect of the required showing.

We conclude that the defendants have failed to show "cause," A.S.C.A. § 43.0803, and accordingly exercise our discretion against granting a stay. The motion is, therefore, DENIED.

It is so ordered.

---

[1] The testimony on record reveals that the various benefits and fees presently accruing to the ASDC directors and officers include: a director's fee of $200 per "regular" board meeting and $100 per "special" board meeting; attorney's fees for such legal services as may be rendered at these board meetings by the chairman of the board, who is also an attorney-at-law; an additional remuneration package for the president consisting of $1000 per month, a credit allowance of $500 per month for "promotional" purposes, a room at the hotel, and access to a corporate vehicle.